## HOSTETLER v. WOODWORTH, Collector of Internal Revenue.

District Court, E. D. Michigan, S. D.
November 12, 1928.

No. 9187.

MacKay, Wiley, Streeter, Smith & Tucker, of Detroit, Mich., for relator.

John R. Watkins, U. S. Dist. Atty., and Charles B. W. Aldrich, Asst. U. S. Dist. Atty., both of Detroit, Mich., for respondent.

TUTTLE, District Judge. Plaintiff, a duly licensed osteopathic physician under the laws of Michigan, on September 17, 1928, made application to respondent, the Honorable Fred L. Woodworth, collector of internal revenue of the United States for the First district of Michigan, for registration under the Harrison Narcotic Act (26 USCA § 691 et seq.), so-called, and offered to pay the federal tax therefor. The collector declined to receive the money or to allow the registration of the relator and to issue a permit to him to dispense narcotic drugs, upon the ground that Deputy Commissioner Nutt in charge of the narcotic division at Washington, D. C., had refused to recognize the decision in this court of Dawkins, District Judge, in the case of Walter P. Bruer, Relator, v. Fred L. Woodworth, Collector of Internal Revenue, Respondent [Bruer v. Woodworth (D. C.) 22 F.(2d) 577], as the law affecting osteopaths other than Dr. Bruer in the district of Michigan. Thereupon relator filed this suit for a writ of mandamus to compel the collector to comply with his demand.

The record in the instant case is identical with the record in the case of Walter P. Bruer, Relator, v. Fred L. Woodworth, Collector of Internal Revenue, supra, except a difference in party relator, who is also a duly licensed osteopathic physician under the laws of the state of Michigan. In the Bruer Case, supra, my learned associate, Judge Dawkins, in a well-considered opinion held that the relator as a practitioner of osteopathy is a "physician" within the meaning of Act No. 92 of the Public Acts of the State of Michigan for the year 1923 (State Narcotic Law) entitling him to possess or dispense the narcotics mentioned in section 1 of said act in the course of his professional practice. This court believes that the opinion of Judge Dawkins in the Bruer Case correctly states the principles of law involved. I adopt and follow that opinion.

Since the decision by Judge Dawkins in the Bruer Case, the Supreme Court of the State of Michigan, in the case of Mutual Life Insurance Co. v. Geleynse, 241 Mich. 659, 217 N. W. 790, held that an osteopath is a physician or practitioner, "and the failure to disclose a consultation with an osteopathic physician in an application for a life insurance policy voids the policy." While the precise question involved in this case has never been decided by the Supreme Court of the State of Michigan, yet the holding in the Geleynse Case clearly assumes an osteopath to be a physician, using the terms "physician" and "practitioner" as synonymous.

A judgment in accordance with these views may be presented.